UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EXTENET SYSTEMS, INC., | : |
| Plaintiff, | : Civ. No. 20-15098 (MCA) (MAH) |
| v. | : |
| THE TOWNSHIP OF NORTH BERGEN, et al. | : OPINION |
| Defendants. | : |

I. INTRODUCTION

This matter comes before the Court by way of Plaintiff ExteNet Systems, Inc.'s motion to quash a subpoena served on non-party T-Mobile USA, Inc. ("T-Mobile USA"). Pl.'s Mot. to Quash, Oct. 5, 2021, D.E. 23. The Court has considered the parties' submissions and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, has decided the motion without argument. For the reasons set forth below, the Court will grant the motion.

II. BACKGROUND

Plaintiff initiated this matter by filing a Complaint for declaratory and injunctive relief against the Township of North Bergen and the Township's Board of Commissioners (collectively "Defendants") on October 28, 2020. Compl., Oct. 28, 2020, D.E. 1, at p. 1. The Complaint alleges that on August 25, 2020, Plaintiff applied to Defendants for permission to construct forty personal wireless service facilities known as small wireless facilities "on or adjacent to existing PSE&G owned utility poles in the public rights-of-way located within the Township's jurisdiction." *Id.* at ¶ 25. Two months later, on October 26, 2020, Plaintiff received a letter from the Township of North Bergen's attorney purporting to deny the applications for several reasons.

1

*Id.* at ¶ 67; *see also* Ex. E to Certification of Rick A. Steinberg, Esq., Oct. 26, 2020, D.E. 23-8. Plaintiff contends that Defendants' conduct and reasoning violated Plaintiff's rights under the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (1996). Compl., D.E. 1, at ¶¶ 54, 62-68; *see also id.* at pp. 20-32.

On April 1, 2021, the Court entered a Pretrial Scheduling Order instructing the parties to complete fact discovery by June 1, 2021. Pretrial Scheduling Order, Apr. 1, 2021, D.E. 9, at ¶¶ 2. Nearly three months after the close of fact discovery, Defendants notified the Court that a dispute had arisen regarding Defendants' request for "the propagation plot for [Plaintiff's] small cell wireless installation in North Bergen" from Plaintiff. Letter from Drew D. Krause, Esq., Aug. 27, 2021, D.E. 15, at p. 1; *see also* Letter from Gregory D. Meese, Esq., Aug. 30, 2021, D.E. 16, at p. 1. The Court heard argument on the issue on September 16, 2021, and thereafter entered an Order denying Defendants' request "without prejudice to Defendant[s] serving a subpoena on T-Mobile." Transcript, Sept. 16, 2021, D.E. 30; Order, Sept. 16, 2021, D.E. 19, at ¶ 2. The Undersigned explained on the record that the denial was based on (1) Plaintiff's counsel's representation that the requested documents were not in Plaintiff's possession, custody, or control; and (2) the Court's reservations regarding the items' relevance. Transcript, D.E. 30, at 13:1-22.

Six days later, on September 22, 2021, Defendants served a third-party subpoena on T-Mobile USA, requesting "The Propagation Plot/Map created for the installation of 39 strand-mounted and 1 pole-mounted small cell wireless antennas in the Township of North Bergen." Defs.' Affidavit of Service, Sept. 29, 2021, D.E. 22; Pl.'s Br. in Supp., Oct. 5, 2021, D.E. 23-1, at p. 4. Plaintiff timely filed the instant motion to quash that subpoena. Pl.'s Mot. to Quash, D.E. 23.

2

### III. DISCUSSION

There are several enumerated circumstances under which the Court is required or permitted to quash a subpoena. Fed. R. Civ. P. 45(d)(3)(A) and (B). Relevant to this Opinion, the Court may on a timely motion, quash or modify a subpoena "[t]o protect a person subject to or affected by the subpoena . . . if [the subpoena] requires: disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). "The party seeking to quash a subpoena bears the burden of demonstrating that the requirements of [Federal Rule of Civil Procedure] 45 are satisfied." *Myers v. Atl. Health Sys.* Civ. No. 13-4712, 2016 WL 819619, at *1 (D.N.J. Mar. 2, 2016) (citing *Malibu Media, LLC v. John Doe*, Civ. No. 14-3945, 2015 WL 3795716 (D.N.J. June 18, 2015)). The Court considers "whether [Plaintiff] ha[s] standing to bring this motion, the relevancy of the production sought, whether any privilege or protection applies to the production, and whether the subpoena subjects [Plaintiff] to undue burden." *Schmulovich v. 1161 Rt. 9 LLC*, Civ. No. 07-00597, 2007 WL 2362598, at *2 (Aug. 15, 2007).

#### A. Standing

Generally, a motion to quash a subpoena served upon a non-party must be brought by the non-party itself. *Malibu Media, LLC v. John Does 1-18*, Civ. No. 12-07789, 2014 WL 229295, at *6 (D.N.J. Jan. 21, 2014) (citation omitted); *Shelvin v. Phx. Life Ins. Co.*, Civ. No. 09-6323, 2012 WL 13034075, at *2 (D.N.J. May 24, 2012) (citing *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-35 (E.D. Pa. 2001)). "However, where a party to an action claims a privilege or privacy interest in the information sought from the non-party, then the party will have standing to bring the motion." *Shelvin*, 2012 WL 13034075, at *2. Courts in this District have also found that, "in light of . . . previous discovery disputes and Orders of the Court, [a party] has standing,

at a minimum, to address the relevance of the information sought by way of [a] subpoena." *Id.* The Court finds Plaintiff has standing to challenge the subpoena at issue because Plaintiff has asserted a colorable privacy interest in the propagation plots. *See* Pl.'s Reply Br., Oct. 25, 2021, D.E. 26, at pp. 2-3. Specifically, Plaintiff argues that it is in privity with T-Mobile USA, and that the propagation plots "clearly constitute[] confidential, commercial information which Plaintiff has a duty to itself and T-Mobile not to have disclosed." *Id.* at p. 3. Plaintiff also has standing, in light of the parties' previous discovery dispute, because it seeks to address the relevance of the information sought by Defendant. *Id. See* Pl.'s Br. in Supp., D.E. 23-1, at pp. 6, 10.

### B. The Relevance of the Information Sought by the Subpoena

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as encompassing "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A subpoena issued pursuant to Federal Rule of Civil Procedure 45 "must fall within the scope of proper discovery under [Federal Rule of Civil Procedure] 26(b)(1)." *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, Civ. No. 08-2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008) (citation omitted). Moreover, "[a] subpoena used for discovery purposes must be made in good faith and cannot be used as a general 'fishing expedition.'" *Burgess v. Galloway*, Civ. No. 20-06744, 2021 WL 2661290, at *2 (D.N.J. Jan. 28, 2021) (citing *U.S. v. Nixon*, 418 U.S. 683, 699-700 (1974)). If a Rule 45 subpoena falls outside the permissible scope of discovery, "or compliance with the subpoena would be 'unreasonable and oppressive,'" the Court has the authority to quash or modify it upon a timely motion by the party served. *Id.* at *3; Fed. R. Civ. P. 45(d)(3). "Magistrate Judges are given wide discretion to manage cases and to

limit discovery in appropriate circumstances." *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010).

Plaintiff argues that the subpoena to T-Mobile USA seeks information irrelevant to Plaintiff's claims and Defendants' defenses, and thus must be quashed. Pl.'s Br. in Supp., D.E. 23-1, at pp. 5-8. Plaintiff explains that the propagation plots were not contemporaneously cited as a basis for Defendants' denial of Plaintiff's applications, and thus have no bearing on the question of whether Defendants' denial was warranted. *Id.* at p. 7. Defendants respond that "the propagation plot is relevant for discovery purposes," in that it "was required . . . as part of Plaintiff's Right of Way permit application." Defs.' Br. in Opp'n, Oct. 18, 2021, D.E. 25, at p. 13. Defendants' expert has also opined that the propagation plots are relevant in analyzing Plaintiff's small cell wireless installation applications. *Id.*

The Court is not convinced that the propagation plots are relevant to the parties' claims and defenses. Plaintiff's action, as already noted, is based on the federal Telecommunications Act. The Telecommunications Act "preserves 'the traditional authority of state and local governments to regulate the location, construction, and modification' of wireless communications facilities like cell phone towers, but imposes 'specific limitations' on that authority." *T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293, 300 (2015) (quoting *Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 115 (2005)). One such limitation is that "any decision to deny a request to build a tower 'shall be in writing and supported by substantial evidence contained in a written record.'" *Id.* (quoting 47 U.S.C. § 332(c)(7)(B)(iii)). Additionally, any party adversely affected by a municipality's decision may seek judicial review "within 30 days after such action or failure to act." 47 U.S.C. § 332(c)(7)(B)(v). The United States Supreme Court has stated that "the locality must provide or make available its written reasons at

5

essentially the same time as it communicates its denial" because "an entity may not be able to make a considered decision whether to seek judicial review without knowing the reasons for the denial of its application." *City of Roswell*, 574 U.S. at 304; *see also id.* at 304 n.3.

In *City of Roswell*, the Supreme Court found a locality's written reasons, given twenty-six days after the date of the city's written denial, were not contemporaneous. *Id.* at 308. In this action, Defendants identified the absence of the propagation plots as a "supplemental" basis for their denial on May 26, 2021, seven months after their official decision. *See* Ex. E to Steinberg Certification, D.E. 23-8; Ex. F to Steinberg Certification, May 26, 2021, D.E. 23-9. Because this new basis was not a part of Defendants' contemporaneous written reasons or the parties' pleadings, *see* Compl., D.E. 1; Answer, Dec. 28, 2020, D.E. 5, the Court finds the propagation plots are not "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1)(defining scope of discovery). Because the subpoena seeks information outside the permissible scope of discovery, the Court grants the motion to quash.

### C. The Court's Pretrial Scheduling Order

Plaintiff also urges the Court to quash the subpoena because the subpoena was served on September 22, 2021, nearly four months after the June 1, 2021 fact discovery end-date in this matter. Pl.'s Br. in Supp., D.E. 23-1, at p. 4; Pretrial Scheduling Order, D.E. 9, at ¶¶ 2. The Court has "wide latitude to manage discovery and other pretrial matters" under Federal Rule of Civil Procedure 16(b) and (f). *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007). Accordingly, a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court may "[o]n motion or on its own . . . issue any just orders" in response to a party's failure to obey a scheduling order. Fed. R. Civ. P. 16(f)(1)(C).

Defendants did not request an extension of the fact discovery deadline, and do not dispute that their subpoena was issued after the close of discovery. Defs.' Br. in Opp'n, D.E. 25, at p. 2. Instead, Defendants ask the Court to overlook their lateness because "Plaintiff served Defendants with documents [Plaintiff] obtained from Altice months after discovery closed in this matter," and "Plaintiff then used some of those documents to question its expert witness." *Id.* Plaintiff's counsel has certified, however, that Plaintiff attempted to serve a subpoena on Altice on April 9, 2021 and May 5, 2021, when fact discovery was open. Certification of Rick A. Steinberg, Esq., Oct. 25, 2021, D.E. 26-2, at ¶¶ 5-6. Altice was served on June 17, 2021 and complied with Plaintiff's request only after the Court entered an Order instructing Altice to do so on September 9, 2021. Order, Sept. 9, 2021, D.E. 18. The parties' conduct and the reasons underlying their tardiness are therefore dissimilar. Moreover, Defendants did not object to Plaintiff's June 17, 2021 subpoena upon Altice. Thus, the Court rejects Defendants' reasoning and finds Defendants' failure to obey the Pretrial Scheduling Order also justifies entry of an Order quashing the subpoena to T-Mobile USA.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to quash Defendant's subpoena to T-Mobile USA is **GRANTED**. An appropriate Order accompanies this Opinion.

*/s Michael A. Hammer*
Hon. Michael A. Hammer,
United States Magistrate Judge

Dated: December 7, 2021